UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUSAN BERNSTEIN,

     Plaintiff,

v.

AVMED, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, SUSAN BERNSTEIN, by and through her undersigned counsel, sues the Defendant, AVMED, INC., and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and to remedy violations of the rights of MS. BERNSTEIN under the Americans with Disabilities Act of 1990 ("ADA"), as amended including by the ADA Amendments Act of 2008, Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), and the Florida Civil Rights Act of 1992 ("FCRA) to redress injuries done to her by the Defendant, AVMED, INC.

2.     The unlawful acts which gave rise to this Complaint occurred within Miami-Dade County, Florida during the term of Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3.     At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4.     As an older individual who is associated with someone with a disability, Plaintiff is a member of a protected class under the ADA, ADEA, and the FCRA because the terms, conditions, and privileges of her employment were altered because of her age and association with someone with a disability.

5.     Defendant is a privately-owned business. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6.     At all times material hereto, Defendant has employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA, ADEA, and the FCRA.

7.     At all times material hereto, Defendant was a covered employer within the meaning and contemplation of the ADA and ADEA in that it employed more than 20 employees.

8.     Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

9.     Plaintiff's charge was filed within 300 days after the last instance of discrimination occurred.

10.     Plaintiff was issued a Notice of Right to Sue on November 21, 2019. This suit is filed in accordance with that Notice and within the applicable ninety-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

11.     All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived.

12.     Plaintiff has retained the undersigned law firm as her legal counsel in connection with this action, and is obligated to pay reasonable attorney's fees and all costs incurred in connection with this action.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Plaintiff began working for Defendant as a Medicare Sales Associate on January 5, 1995 until she was wrongfully terminated on December 15, 2017.

14.     Plaintiff's primary duties and responsibilities included sales and customer service as well generating referrals.

15.     At all times relevant hereto, Defendant regarded Plaintiff as an individual who was over 40 years of age.

16.     In 2016, the Plaintiff notified Ms. Arritola, Director, that her husband had been diagnosed with ALS. Around that same time, the medication for the Plaintiff's husband, which cost approximately $145,000 per year, was approved for payment.

17.     Around May 2017, Defendant hired Ms. Evans as a Regional Sales Manager. Ms. Evans did ride-alongs with every sales associate except the Plaintiff. The Plaintiff was the oldest sales associate. When younger sales associates received compliments from customers, Ms. Evans would send an email to the entire team congratulating the sales associate. When the Plaintiff received a similar compliment from a customer, Ms. Evans did not provide the same recognition.

18.     The Plaintiff repeatedly complained that Defendant did not provide her with her fair share of leads.

19.     The Plaintiff complained that she believed she was being discriminated against based on her age and her association with someone with a disability.

20.     Ms. Arritola and Ms. Evans told the Plaintiff that the Defendant was closing one of its locations. They advised the Plaintiff that since she lived in Broward, they would assign her to work out of the Fort Lauderdale office. During this conversation, the Plaintiff told Ms. Evans that she really needed her job and that her husband was disabled and very sick.

3

21.     Shortly after Ms. Evans assured the Plaintiff of her assignment to the Fort Lauderdale location, and after the Plaintiff disclosed her husband's disability, the Defendant terminated her. The Defendant never gave the Plaintiff the chance to work even a single day out of the Fort Lauderdale office. In fact, on her first day at the Fort Lauderdale office, the Plaintiff received a tour of the office, and then the Defendant pulled her into a meeting to terminate her.

22.     The Defendant promoted Ms. Robles, a much younger Medicare Sales Associate, from within the company. This person was not only much younger than the Plaintiff, but also had no field experience. Her experience was in a call center. Despite the Plaintiff having greater seniority, being more qualified, and being the sales associate with the most leads from sales events, Defendant terminated her and replaced her with someone much younger and who was not associated with someone with a disability.

23.     When Ms. Robles received her promotion to Medicare Sales Associate, the Defendant gave Ms. Robles a lot of leads, and took leads from the Plaintiff.

24.     In reviewing the list of job eliminations, where there were comparators in the same position, 20 of those selected were the oldest; only 10 were the youngest; and 3 were in the middle of the age range. In sales, all but one person selected for elimination was the oldest; that one was in the middle range.

25.     Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
### (Discrimination on the Basis of Disability)

26.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

27.     The ADA forbids discrimination on the basis of disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

28.     Plaintiff has an association with someone with a disability as is defined under the ADA, and, therefore, is a member of the protected class.

29.     At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

30.     The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's association with someone with a disability.

31.     At all times relevant hereto, Defendant regarded Plaintiff as an individual with an association with someone with a disability and/or an individual with a record of having an association with someone with a disability.

32.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

33.     Plaintiff was qualified for the position and had been successful for the past 24 years as a Medicare Sales Associate.

34. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

35. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

36. Because Plaintiff has an association with someone with a disability, the Defendant terminated Plaintiff.

37. Defendant's discriminatory treatment towards the Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she has an association with someone with a disability.

38. Any allegedly nondiscriminatory reason for the Defendant's treatment towards the Plaintiff is a mere pretext for the actual reasons for the discriminatory treatment of Plaintiff; *inter alia* Plaintiff's association with someone with a disability.

39. As a result of Defendant's violation, Plaintiff has suffered damages.

40. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Disability)

41. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

42. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

43. Plaintiff has an association with someone with a disability as is defined in the FCRA, and therefore, is a member of a protected class.

44. At all relevant and material times, Defendant failed to comply with the FCRA.

45. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's association with someone with a disability.

46. At all times relevant hereto, Defendant regarded Plaintiff as an individual with an association with someone with a disability and/or an individual with a record of having an association with someone with a disability.

47. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

48. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

49. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her association with someone with a disability in violation of the FCRA.

50.     Because Plaintiff has an association with someone with a disability, the Defendant terminated Plaintiff.

51.     Defendant's discriminatory treatment towards the Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she has an association with someone with a disability.

52.     Any allegedly nondiscriminatory reason for the Defendant's treatment towards the Plaintiff is a mere pretext for the actual reasons for the discriminatory treatment of Plaintiff; inter alia Plaintiff's association with someone with a disability.

53.     Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her association with someone with a disability.  The discrimination on the basis of associating with someone with a disability constitutes unlawful discrimination.

54.     As a result of Defendant's violation, Plaintiff has suffered damages.

55.     As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated damages, punitive damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: VIOLATION OF THE ADEA
### (Discrimination on the Basis of Age)

56.     Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

57.     Because Plaintiff is an older woman, she was discriminated against by the Defendant, and the Defendant refused to take any action to prevent the discrimination.

58.     Because Plaintiff is an older woman, the Defendant did not go along with her on ride alongs like they did for all other associates.

59.     Because Plaintiff is an older woman, the Defendant did not recognize her when customers complimented her. But when younger associates received compliments from customers, the Defendant recognized them.

60.     Because Plaintiff is an older woman, the Defendant did not give her a fair share of leads.

61.     Upon information and belief, the Defendant gave younger employees more than their fair share of leads, recognition at work when customers complimented them, and educational and training opportunities by going on ride-alongs with them.

62.     Defendant did not have a legitimate, non-discriminatory, reason for not providing the Plaintiff with her fair share of leads, recognition, or education and training.

63.     Defendant did not have a legitimate, non-discriminatory, reason for not going on ride-alongs with the Plaintiff like they did with every other sales associate.

64.     Defendant had no good faith basis for discriminating against the Plaintiff by treating her differently than younger employees. Defendant based its actions on Plaintiff's age, and Plaintiff is entitled to liquidated damages based on these actions.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA and provide any additional relief that this Court deems just.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Age)

65. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

66. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

67. The discrimination to which Plaintiff was subjected was based on her age.

68. Because Plaintiff is an older woman, she was discriminated against by the Defendant, and the Defendant refused to take any action to prevent the discrimination.

69. Because Plaintiff is an older woman, the Defendant did not go along with her on ride alongs like they did for all other sales associates.

70. Because Plaintiff is an older woman, the Defendant did not recognize her work when customers complimented her. But when younger associates received compliments from customers, the Defendant recognized them.

71. Because Plaintiff is an older woman, the Defendant did not give her a fair share of leads.

72.     Upon information and belief, the Defendant gave younger employees more than their fair share of leads, recognition when customers compliment them, and educational and training opportunities by going on ride-alongs with them.

73.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

75.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; requiring that Defendant make Plaintiff whole for her losses suffered as result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Florida Statutes; and provide any additional relief that this Court deems just.

## COUNT V: VIOLATION OF ADA
### (Retaliation)

76.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

77.     Plaintiff has an association with someone with a disability as is defined under the ADA.

78.     Defendant is an employer as that term is defined under the ADA.

79.     Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against her by inter alia, terminating the Plaintiff's employment.

80.     As a result of Defendant's violation, Plaintiff has suffered damages.

81.     As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in her favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VI: VIOLATION OF ADEA
### (Retaliation)

82.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

83.     Because Plaintiff is an older woman, she was retaliated against by the Defendant for engaging in the protected activity of complaining of discrimination against her by inter alia, terminating the Plaintiff's employment.

84.     At all times relevant hereto, Defendant regarded Plaintiff as an individual who was over 40 years of age.

85.     Defendant is an employer as that term is defined under the ADEA.

86.     Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against her by inter alia, terminating the Plaintiff's employment.

87.     As a result of Defendant's violation, Plaintiff has suffered damages.

88.     As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in her favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VII: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Retaliation)

89.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

90.     Plaintiff had the right to voice her grievances after the Defendant discriminated against her.

91.     When Defendant terminated the Plaintiff, it retaliated against her for exercising her rights.

92.     Ms. Arritola and Ms. Evans, at all times relevant, were acting within the course and scope of their employment for Defendant.

93.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

94.     Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

95.     Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's forced relocation in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 19th day of February, 2020.

By: s/Michelle Cohen Levy

14

Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff